IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A. successor-by-merger to WACHOVIA BANK, N.A.,<br><br>    Plaintiff,<br><br>v.<br><br>KEITH BROOKING; THE KEITH BROOKING REVOCABLE TRUST DATED JULY 24, 2007; KEITH BROOKING, AS TRUSTEE OF THE KEITH BROOKING REVOCABLE TRUST DATED JULY 24, 2007; THE HOLLY L. BROOKING REVOCABLE TRUST DATED MARCH 9, 2009; HOLLY L. BROOKING, AS TRUSTEE OF THE HOLLY L. BROOKING REVOCABLE TRUST DATED MARCH 9, 2009; AND KB51 ENTERPRISES, LLC,<br><br>    Defendants. | CIVIL ACTION No:<br>1:12-CV-0190<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS' ANSWER AND COUNTERCLAIM

Defendants KEITH BROOKING, THE KEITH BROOKING REVOCABLE TRUST, KEITH BROOKING, AS TRUSTEE FOR THE KEITH BROOKING REVOCABLE TRUST, THE HOLLY L. BROOKING REVOCABLE TRUST,

1

HOLLY L. BROOKING, AS TRUSTEE FOR THE HOLLY L. BROOKING REVOCABLE TRUST, and KB51 ENTERPRISES, LLC (collectively "the Defendants"), respond to the Complaint as follows:

## RESPONSES TO ENUMERATED AVERMENTS

1. The Defendants are without knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 1 of the Complaint.

2. The Defendants deny the averments contained in paragraph 2 of the Complaint, except that Defendants admit that Keith Brooking has owned real property in Georgia.

3. The Defendants deny the averments contained in paragraph 3 of the Complaint, except that Defendants admit that Keith Brooking, as Trustee of the Keith Brooking Revocable Trust Dated July 24, 2007 ("Keith Brooking, as Trustee") has owned real property in Georgia.

4. Responding to paragraph 4 of the Complaint, Defendants admit that The Keith Brooking Revocable Trust dated July 24, 2007 (the "KB 2007 Trust") is a trust formed under the laws of the State of Florida or Georgia, that the Trust owns or has owned real property in Georgia, and that Keith Brooking has served as Trustee of the KB 2007 Trust. Defendants are without knowledge sufficient to

form a belief as to the truth of the remaining averments contained in paragraph 4 of the Complaint.

5.     The Defendants deny the averments contained in paragraph 5 of the Complaint, except Defendants admit that Holly L. Brooking, as Trustee of the Holly L. Brooking Revocable Trust dated March 9, 2009 ("HB 2009 Trust"), has owned real property in Georgia.  The Defendants also admit that Holly L. Brooking is Keith Brooking's wife.

6.     Responding to paragraph 6 of the Complaint, Defendants admit that the HB 2009 Trust is a trust formed under the laws of the State of Florida or Georgia, that the Trust owns or has owned property in the state of Georgia, and that Holly L. Brooking has served as Trustee of the HB 2009 Trust.  Defendants are without knowledge sufficient to form a belief as to the truth of the remaining averments contained in paragraph 6 of the Complaint.

7.     Responding to paragraph 7 of the Complaint, Defendants admit that defendant KB51 Enterprises, LLC, is a limited liability company formed under the laws of the State of Florida and that Defendants Keith Brooking and Holly L. Brooking are managing members thereof.  Defendants are without knowledge sufficient to form a belief as to the truth of the remaining averments contained in paragraph 7 of the Complaint.

8. The Defendants are without knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 8 of the Complaint.

9. The Defendants are without knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 9 of the Complaint.

10. Defendants deny the averments of paragraph 10 of the Complaint.

11. The Defendants are without knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 11 of the Complaint.

12. The Defendants are without knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 12 of the Complaint.

13. The Defendants deny the averments contained in paragraph 13 of the Complaint.

14. Responding to paragraph 14 of the Complaint, Defendants admit that Wells Fargo notified Keith Brooking of an alleged default in a letter dated January 11, 2011 and are without knowledge sufficient to form a belief as to the truth of the remaining averments contained in that paragraph.

15. The Defendants deny the averment contained in paragraph 15 of the Complaint that, as of the date of the filing of the Complaint, BBMJ had not paid its obligations under the Notes.

16. The Defendants are without knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 16 of the Complaint.

17. The Defendants admit the averments of paragraph 17 of the Complaint.

18. The Defendants are without knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 18 of the Complaint.

19. The Defendants deny the averments contained in paragraph 19 of the Complaint.

20. The Defendants deny the averments contained in paragraph 20 of the Complaint.

21. The Defendants deny the averments contained in paragraph 21 of the Complaint.

22. The Defendants deny the averments contained in paragraph 22 of the Complaint.

23. The Defendants deny the averments contained in paragraph 23 of the Complaint.

24. The Defendants deny the averments contained in paragraph 24 of the Complaint.

25. The Defendants deny the averments contained in paragraph 25 of the Complaint.

26. The Defendants deny the averments contained in paragraph 26 of the Complaint.

27. The Defendants deny the averments contained in paragraph 27 of the Complaint.

28. Responding to paragraph 28 of the Complaint, Defendants admit that Keith Brooking executed a limited warranty deed on or about January 22, 2008 transferring property to the KB 2007 Trust. Defendants are without knowledge sufficient to form a belief as to the truth of the remaining averments in that paragraph.

29. Defendants deny the averments contained in paragraph 29 of the Complaint.

30. Responding to paragraph 30 of the Complaint, Defendants admit that Keith Brooking executed a limited warranty deed on or about January 22, 2008 transferring property in Senoia, Georgia to the KB 2007 Trust. Defendants are without knowledge sufficient to form a belief as to the truth of remaining averments in that paragraph.

31. Responding to paragraph 31 of the Complaint, Defendants admit that Keith Brooking executed a limited warranty deed on or about January 22, 2008 transferring property in Senoia, Georgia to the KB 2007 Trust.  Defendants are without knowledge sufficient to form a belief as to the truth of the remaining averments in that paragraph.

32. Responding to paragraph 32 of the Complaint, Defendants admit that Keith Brooking executed a limited warranty deed on or about January 22, 2008 transferring property in Atlanta, Georgia to the KB 2007 Trust.  Defendants are without knowledge sufficient to form a belief as to the truth of the remaining averments in that paragraph.

33. Responding to paragraph 33 of the Complaint, Defendants admit that Keith Brooking, as Trustee, executed a quitclaim deed on or about April 28, 2009 transferring property to the HB 2009 Trust.  Defendants are without knowledge sufficient to form a belief as to the truth of the remaining averments in that paragraph.

34. In response to paragraph 34 of the Complaint, Defendants incorporate by reference their corresponding responses to paragraphs 1-33 of the Complaint.

35. The Defendants deny the averments contained in paragraph 35 of the Complaint.

36. The Defendants deny the averments contained in paragraph 36 of the Complaint.

37. In response to paragraph 37 of the Complaint, Defendants incorporate by reference their corresponding responses to paragraphs 1-36 of the Complaint.

38. The Defendants deny the averments contained in paragraph 38 of the Complaint.

39. The Defendants deny the averments contained in paragraph 39 of the Complaint.

40. The Defendants deny the averments contained in paragraph 40 of the Complaint.

41. The Defendants deny the averments contained in paragraph 41 of the Complaint.

42. In response to paragraph 42 of the Complaint, Defendants incorporate by reference their corresponding responses to paragraphs 1-41 of the Complaint.

43. The Defendants deny the averments contained in paragraph 43 of the Complaint.

44. The Defendants deny the averments contained in paragraph 44 of the Complaint.

45. In response to paragraph 45 of the Complaint, Defendants incorporate by reference their corresponding responses to paragraphs 1-44 of the Complaint.

46. The Defendants deny the averments contained in paragraph 46 of the Complaint.

47. The Defendants deny the averments contained in paragraph 47 of the Complaint.

48. In response to paragraph 48 of the Complaint, Defendants incorporate by reference their corresponding responses to paragraphs 1-47 of the Complaint.

49. The Defendants deny the averments contained in paragraph 49 of the Complaint.

50. The Defendants deny the averments contained in paragraph 50 of the Complaint.

51. In response to paragraph 51 of the Complaint, Defendants incorporate by reference their corresponding responses to paragraphs 1-50 of the Complaint.

52. The Defendants deny the averments contained in paragraph 52 of the Complaint.

53. The Defendants deny the averments contained in paragraph 53 of the Complaint.

54. The Defendants deny the averments contained in paragraph 54 of the Complaint.

55. Any averment of the Complaint that is not expressly admitted or denied is deemed to be denied.

## AFFIRMATIVE DEFENSES

56. The Complaint fails to state a claim upon which relief may be granted.

57. Venue is improper in this Court.

58. Plaintiff has split causes of action among three separate civil actions in Florida, Georgia and South Carolina, and the claims asserted in this action are subject to the defense of res judicata and collateral estoppel.

59. Defendants Keith and Holly Brooking had an absolute right to make any transfers they may have made with respect to the real property allegedly in issue for purposes that do not involve any fraudulent intent or issues of insolvency.

60. Any transfers made by any of the Defendants were for legitimate purposes and were without fraudulent intent and were neither made while Defendants were insolvent nor rendered Defendants insolvent.

61. Defendants raise and preserve the additional defenses of lack of subject matter jurisdiction, lack of personal jurisdiction, waiver, laches, estoppel, payment, release, and accord and satisfaction.

## COUNTERCLAIM

1.     Defendants incorporate by reference paragraphs 1-61 of their Answer as if fully set forth within.

2.     Plaintiff has filed this lawsuit in bad-faith and with no justifiable basis against Defendants.

3.     Plaintiff's actions have been instituted without merit for purposes of harassment and constitute frivolous litigation pursuant to O.C.G.A. § 9-15-14, entitling Defendants to recover, at the appropriate time, the reasonable costs and expenses they have incurred in this action.

4.     Plaintiff is aware of the frivolous nature of its claim and has chosen to pursue such frivolous litigation against Defendants, including claims against Defendants Keith Brooking, as Trustee of the KB 2007 Trust, and Holly. Brooking, as Trustee of the HB 2009 Trust, without merit and for purposes of harassment.

5.     Plaintiff has been stubbornly litigious, has acted in bad faith, forced Defendants to incur unnecessary trouble and expense to defend a frivolous action, such that an award of attorney's fees is warranted under O.C.G.A. § 13-6-11 in an amount to be determined at trial.

WHEREFORE, Defendants respectfully request the following relief:

a) The Plaintiff's Complaint be dismissed;

b) That Defendants Keith Brooking, as Trustee of the KB 2007 Trust, and Holly L. Brooking, as Trustee of the HB 2009 Trust, be dismissed as Defendants in this action;

c) That judgment be entered in favor of Defendants with respect to each of Plaintiff's claims;

d) That judgment, including but not limited to attorneys' fees, be entered in favor of Defendants on each of Defendant's counterclaims;

e) That all costs of this action be cast upon Plaintiff;

f) That this case be tried before a jury;

g) That the Court order such further relief as may be just and proper.

This 18th day of May, 2012.

                                **DUBOSE MASSEY BAIR & EVANS LLC**

                                By: s/C. Wilson DuBose
                                    C. Wilson DuBose
                                    State Bar of Georgia No. 231450

285 N. Main Street                   wdubose@dubosemassey.com
P.O. Box 192                          Jennifer L. Pridgeon
Madison, Georgia 30650         State Bar of Georgia No. 434428
706-342-7900                          jpridgeon@dubosemassey.com
706-342-0011 FAX                **Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing Answer and Counterclaim with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document has been served this day upon Keith S. Anderson at kanderson@babc.com via transmission of the Notices of Electronic Filing generated by CM/ECF.

This 18th day of May, 2012.

DuBose Massey Bair & Evans llc

By: s/C. Wilson DuBose
    C. Wilson DuBose
    State Bar of Georgia No. 231450
    wdubose@dubosemassey.com
    Jennifer L. Pridgeon
    State Bar of Georgia No. 434428
    jpridgeon@dubosemassey.com
    **Attorneys for Defendants**

285 N. Main Street
P.O. Box 192
Madison, Georgia 30650
706-342-7900
706-342-0011 FAX